IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BERNHARD MEIER III,<br>    Plaintiff,<br><br>v.<br><br>GLOBAL INDUSTRIES OFFSHORE<br>LLC, *et al.*,<br>    Defendants. | §<br>§<br>§<br>§   CIVIL ACTION NO. H-09-1071<br>§<br>§<br>§<br>§ |

## **MEMORANDUM AND ORDER**

Plaintiff filed this lawsuit alleging that, while employed by Defendants Global Industries Offshore LLC and Global Industries, Ltd. (collectively, "Global"), he contracted an infection in his knee while working on the barge SEA CONSTRUCTOR. After the close of discovery, Global filed a Motion for Summary Judgment ("Motion") [Doc. # 22], asserting that it is entitled to summary judgment because Plaintiff has not presented evidence of causation. Plaintiff filed a Response [Doc. # 26], and Defendants filed a Reply [Doc. # 27]. The Court has carefully reviewed the full record in this case. Based on that review and the application of relevant legal authorities, the Court **grants** Defendants' Motion.

### I.   FACTUAL BACKGROUND

Bernhard Meier III worked as a mechanical engineer for Global on the barge SEA CONSTRUCTOR. On April 25, 2006, he was diagnosed with an infection that

he alleges he contracted while working on the barge.  Plaintiff was evaluated by Dr. Bonnie Drumwright, who diagnosed the infection as cellulitus and prescribed antibiotics.[1]  *See* Drumwright Medical Record, Exh. G to Response [Doc. # 26].  The infection responded well to the antibiotics, Plaintiff was released for work, and he returned to the barge on May 18, 2006.  Plaintiff alleges that the infection caused his right knee to become unstable, causing him to fall and injure his knee on June 6, 2006.

Plaintiff asserts causes of action for Jones Act negligence and unseaworthiness of the barge.  *See* First Amended Complaint [Doc. # 4], p. 4.  After the close of discovery, Global moved for summary judgment, asserting that Plaintiff has not presented medical or other scientific evidence of causation and, therefore, each of Plaintiff's claims fails.  The Motion has been fully briefed and is ripe for decision.

## II. STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v.*

---

[1]  It remains unclear whether the infection was actually cellulitus or some other infection.

*ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'"  *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.  *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).  "An issue is material if its resolution could affect the outcome of the action.  A dispute as to a material fact is genuine if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)).

The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment." *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *see also Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support

a party's opposition to summary judgment." *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

## III.   ANALYSIS

A claim of unseaworthiness requires a causal connection between the alleged injury and the alleged breach of the duty that rendered the vessel unseaworthy. *See Jackson v. OMI Corp.*, 245 F.3d 525, 527 (5th Cir. 2001) (citing *Caldwell v. Manhattan Tankers Corp.*, 618 F.2d 361, 363 (5th Cir. 1980)). In his Response, Plaintiff apparently concedes the unseaworthiness claim, arguing only that he has presented sufficient evidence to avoid summary judgment on his Jones Act negligence claim. *See* Response, p. 10.

A claim of Jones Act negligence requires proof of a causal link between the defendant's breach of a duty owed to the plaintiff and the plaintiff's damages. *See, e.g., Uncle Ben's Int'l Div. of Uncle Ben's, Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988) (citing *City Consol. Aluminum Corp. v. C.F. Bean Corp.*, 833 F.2d 65 (5th Cir. 1987)). The necessary causal link requires that the alleged negligence be the legal cause of the injury – "but for" causation does not provide the necessary causal link for a Jones Act negligence claim. *Gavagan v. United States*, 955 F.2d 1016, 1019-20 (5th Cir. 1992). Where there are several possible sources of a plaintiff's infection, "[g]eneral experience and common sense

simply do not enable a fair understanding of causation [and] expert testimony is required." *See Coastal Tankships, U.S.A., Inc. v. Anderson*, 87 S.W.3d 591, 603 (Tex. App. – Houston [1st Dist.] 2002, *pet. denied*), and cases cited therein.

In this case, Plaintiff presented evidence that two other individuals on the barge had a similar infection, arguing this is evidence that he contracted the infection while on the barge. Dr. Kevin Price Dowling, Plaintiff's treating orthopedic surgeon, testified in deposition, however, that "it would be purely speculation" to suggest that the presence of others on the barge who were infected meant it was more likely that Plaintiff contracted an infection while on the barge. *See* Dowling Depo., Ex. C to Response, p. 63.

Plaintiff also presented evidence that he was on the barge for five days before he was diagnosed with the infection, arguing this is evidence that he contracted the infection while on the barge. Plaintiff does not present any evidence to support his assertion that the incubation period for the infection is less than five days. Indeed, Dr. Dowling testified that, although it was speculation on his part and that Plaintiff's counsel would need to consult an infectious disease specialist, Dr. Dowling "would guess" that the incubation period would be "probably a week." *See* Dowling Depo., p. 62. Although Dr. Dowling's speculation and guessing are not summary judgment evidence, an incubation period of "a week" would indicate that Plaintiff became

infected before he came to work on the barge five days before the infection was diagnosed. Moreover, there is no evidence from an infectious disease specialist regarding the true incubation period for Plaintiff's infection. Consequently, Plaintiff has not presented evidence to raise a fact issue regarding a causal connection between his presence on the barge and his infection.

On a different causation issue – whether there is causal connection between any infection and the knee injury – Global has presented uncontroverted evidence from Dr. Dowling that it cannot be determined to a reasonable medical probability that any infection Plaintiff contracted would have caused or contributed to the knee problems. *See* Dowling Depo., pp. 29, 33, 37, 43-44. Similarly, Plaintiff's other treating orthopedic surgeon, Dr. Alan Hinton, informed Plaintiff that there was no connection between his knee complaints and any type of infection. *See* Plaintiff's Deposition, Exh. A to Motion, p. 69. As a result, Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding a causal relationship between an infection and the injury to his knee.

Plaintiff in this case has not presented medical or other scientific evidence that raises a genuine issue of material fact regarding the causation element of his Jones Act and unseaworthiness claims. Indeed, Plaintiff's own treating orthopedic surgeon testified unequivocally that there was no way to determine based on reasonable

medical probability that Plaintiff contracted the infection while on the barge or that the infection caused the knee instability and injury. *See* Dowling Depo., Exh. A to Reply, pp. 34-35, 37. Absent a genuine issue of material fact on the causation element, Global is entitled to summary judgment.

## IV.   CONCLUSION AND ORDER

Plaintiff has failed to present medical or scientific evidence that raises a genuine issue of material fact on the causation element of his claims. As a result, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 22] is **GRANTED**. The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas this **29th** day of **October, 2010**.

_____
Nancy F. Atlas
United States District Judge